# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| WADE LAY, | ) |
| Plaintiff, | ) |
| v. | ) No. CIV 18-009-JHP-SPS |
| G.T.L. PHONE CORP., et al., | ) |
| Defendants. | ) |

## OPINION AND ORDER

This action is before the Court on Defendants' motions to dismiss or for summary judgment. The Court has before it for consideration Plaintiff's complaint (Dkt. 1), the parties' motions (Dkts. 47, 51) and a special report prepared by the Oklahoma Department of Corrections (DOC) at the direction of the Court, in accordance with *Martinez v. Aaron*, 570 F.2d 317 (10th Cir. 1978) (Dkt. 46).

Plaintiff, a pro se, death-sentenced prisoner in the custody of DOC is incarcerated at Oklahoma State Penitentiary (OSP) in McAlester, Oklahoma. He brings this action under the authority of 42 U.S.C. § 1983 seeking relief for alleged constitutional violations at his facility. The defendants are G.T.L. Phone Corporation (GTL), DOC, OSP, OSP Warden Terry Royal, OSP H-Unit Manager Jerry Perry, and OSP Case Manager Miss Schlueter.

**Standard of Review**

The pleading standard for all civil actions was articulated in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). *See Ashcroft v. Iqbal*, 556 U.S. 662, 684 (2009). To avoid

dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6), a complaint must present factual allegations, assumed to be true, that "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. The complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570. A court must accept all the well-pleaded allegations of the complaint as true, even if doubtful in fact, and must construe the allegations in the light most favorable to the plaintiff. *Id*. at 555-56. "So, when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," the cause of action should be dismissed. *Id*. at 558.

A pro se plaintiff's complaint must be broadly construed under this standard. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The generous construction to be given to the pro se litigant's allegations "does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Notwithstanding a pro se plaintiff's various mistakes or misunderstandings of legal doctrines or procedural requirements, "if a court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so . . . ." *Id*. A reviewing court need not accept "mere conclusions characterizing pleaded facts." *Bryson v. City of Edmond*, 905 F.2d 1386, 1390 (10th Cir. 1990); *see also Twombly*, 550 U.S. at 555. The Court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v.§ New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

With these standards in mind, the court turns to the merits of Defendants' motions.

**<u>Background</u>**

The DOC defendants allege that on September 23, 2017, Plaintiff received a misconduct for covering his cell window and refusing multiple orders to remove the covering from the window. (Dkt. 47-6 at 49). On September 25, 2017, Plaintiff was summoned to Defendant Schleuter's office to investigate the September 23, 2017, disciplinary violation. *Id.* at 47-5 at 45). Plaintiff, however, refused to be escorted to Schleuter's office, refused to be restrained, and blocked his food passage. *Id.* As a result, Plaintiff received another misconduct for tampering with a locking device and failure to obey verbal orders. (Dkt. 47-5 at 45; Dkt. 47-6 at 50).

As a sanction for the September 23, 2017, and September 25, 2017, misconducts, Plaintiff's phone privileges were suspended for 90 days. (Dkt. 47-6 at 46). When the phone system denied his call, Plaintiff was instructed to submit an updated GTL phone list to GTL, and he made a privileged call to his attorney in the H-Unit programs room. *Id.*

**<u>Defendant G.T.L. Phone Corporation</u>**

Plaintiff alleges Defendant GTL has collaborated with prison officials to deprive him of his "fundamental right to communicate with his habeas corpus attorneys, the federal public defender . . . in Oklahoma City." He further claims:

> The G.T.L. Phone Corporation has falsely represented conditions surrounding Wade Lay's phone connections under the pretense of technical difficulties. The G.T.L. representative entangled the G.T.L. Corporation in the prejudice and abuse of prison officials interfeering [sic] in the Plaintiff's rights under the Antiterrorism and Effective Death Penalty Act (AEDPA), and the Equal

3

Protection Clause of the Fourteenth Amendment.

(Dkt. 1 at 2).

In support of his claim, Plaintiff cites 28 U.S.C. § 2254(b)(1)(B)(ii): "An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that circumstances exist that render such process ineffective to protect the rights of the applicant." This lawsuit, however, does not concern habeas corpus claims, except to the extent Plaintiff is complaining about telephone access to his habeas counsel.

Plaintiff complains that GTL, a corporate contractor with the prison, was used to cover up illicit actions by prison officials in denying phone conversations with his habeas counsel. He contends GTL should be held accountable for its misrepresentation of the facts surrounding his phone service and for assisting the prison in his arbitrary phone restriction.

Defendant GTL has filed a motion to dismiss, claiming Plaintiff has failed to state a claim upon which relief may be granted. GTL specifically alleges it is not a state actor, as required by 42 U.S.C. § 1983.[1] According to GTL, there are four potential tests to determine whether a private party should be deemed a state actor: (1) the public function test, (2) the nexus test, (3) the symbiotic relationship test, and (4) the joint action test. *Johnson v.*

---

[1] "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . ." 42 U.S.C. § 1983.

*Rodrigues*, 293 F.3d 1196, 1202 (10th Cir. 2002). Under these tests, the ultimate inquiry is whether "'the conduct allegedly causing the deprivation of a federal right' must be 'fairly attributable to the State.'" *Gallagher v. "Neil Young Freedom Concert,"* 49 F.3d 1442, 1447 (10th Cir. 1995) (quoting *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982).

> The Court has taken a flexible approach to the state action doctrine, applying a variety of tests to the facts of each case. In some instances, the Court has considered "whether there is a sufficiently close nexus between the State and the challenged action of the regulated entity so that the action of the latter may be fairly treated as that of the State itself." *Jackson v. Metro. Edison Co.*, 419 U.S. 345, 351 (1974). The Court has also inquired whether the state has "so far insinuated itself into a position of interdependence" with the private party, *Burton v. Wilmington Parking Auth.*, 365 U.S. 715, 725 (1961), that there is a "symbiotic relationship" between them, *Moose Lodge No. 107 v. Irvis*, 407 U.S. 163 (1972). In addition, the Court has held that if a private party is "'a willful participant in joint activity with the State or its agents,'" then state action is present. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 152 (1970) (quoting *United States v. Price*, 383 U.S. 787, 794 (1966)). Finally, the Court has ruled that a private entity that exercises "powers traditionally exclusively reserved to the State" is engaged in state action. *Jackson*, 419 U.S. at 352. *See generally* 1 Martin A. Schwartz & John E. Kirklin, *Section 1983 Litigation: Claims, Defenses, and Fees*, §§ 5.10 to 5.15 (2d ed. 1991) (explaining various tests for state action).

*Gallagher*, 49 F.3d at 1447. Here, the Court finds Plaintiff has alleged no facts meeting any of these tests.

Other courts repeatedly have found that prison telephone service providers, including GTL, are not state actors under § 1983. *See, e.g., Riley v. O'Brien*, No. CV 16-11064-LTS, 2016 WL 8679258, at *8 (D. Mass. Sept. 2, 2016) ("Riley does not have a cognizable claim against GTL under § 1983 because--notwithstanding that GTL provides telephonic services to prisoners and notwithstanding that it presumably has a public contract with the DOC--

GTL is a private company, and thus is not a state actor under § 1983.") (collecting cases); *Evans v. Skolnik*, No. 3:08-CV-00353-RCJ-VPC, 2009 WL 3763041, at *4-5 (D. Nev. Nov. 5, 2009) (applying the Ninth Circuit's similar four-part test and dismissing § 1983 claim against GTL), *aff'd*, 637 F. App'x 285, 287 (9th Cir. 2015) ("The three [private telecommunications] companies were not state actors, and thus [plaintiff] did not state a cognizable § 1983 claim against them.").

After careful review, the Court finds Plaintiff has not stated a claim under § 1983, and Defendant GTL's motion to dismiss (Dkt. 51) should be granted for failure to state a claim upon which relief may be granted. *See* Fed. R. Civ. P. 12(b)(6).

**DOC Defendants**

Plaintiff alleges the DOC defendants have involved GTL representatives to claim false technical telephone difficulties to assist in the "illicit interference with Plaintiff's habeas corpus appeal." (Dkt. 1 at 4). DOC defendants also allegedly were aware of the GTL representative's cover-up and the illegal phone restriction following a bogus misconduct report. *Id*. Defendants DOC, OSP, Jerry Perry, Terry Royal, and Miss Schlueter have filed a motion to dismiss or for summary judgment (Dkt. 47).

*Official Capacity Claims*

Defendants DOC, OSP, Royal, Perry, and Schleuter in their official capacities allege they are not "persons" within the statutory definitions of 42 U.S.C. § 1983. An official-capacity claim against an Oklahoma agency or official is actually a claim against the State of Oklahoma. *See Kentucky v. Graham*, 473 U.S. 159, 165 (1985); *Will v. Michigan Dep't of State Police*,

491 U.S. 58, 71 (1988). "[T]he Eleventh Amendment bars federal court jurisdiction over a state agency for both money damages and injunctive relief, or a state official acting in her official capacity in a suit for damages." *Ellis v. Univ. of Kansas Med. Ctr.*, 163 F .3d 1186, 1196 (10th Cir. 1998). Absent a waiver by the state, or a valid congressional override, the Amendment bars a damages action against a state in federal court. *Kentucky v. Graham*, 473 U.S. 159, 169 (1985).

Here, the DOC defendants have not waived their Eleventh Amendment immunity. Therefore, these defendants in their official capacities are dismissed from this action. Because the Eleventh Amendment involves sovereign immunity, the official-capacity claims are dismissed "without prejudice" rather than "with prejudice." *Rural Water Sewer & Solid Waste Mgmt., Dist. No. 1, Logan County, Okla. v. Guthrie*, 654 F.3d 1058, 1069 n.9 (10th Cir. 2011).

### *Exhaustion of Administrative Remedies*

The DOC defendants also allege Plaintiff has failed to exhaust the administrative remedies for any of his claims. "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Inmates are required to exhaust available administrative remedies, and suits filed before the exhaustion requirement is met must be dismissed. *Booth v. Churner*, 532 U.S. 731, 740-41 (2001); *Yousef v. Reno*, 254 F.3d 1214, 1216 n.1 (10th Cir. 2001). "An inmate who begins the grievance process but does not complete it is barred from

7

pursuing a § 1983 claim under PLRA for failure to exhaust his administrative remedies." *Jernigan v. Stuchell*, 304 F.3d 1030, 1032 (10th Cir. 2002) (citation omitted). In deciding a motion to dismiss based on nonexhaustion, the court can consider the administrative materials submitted by the parties. *See Steele v. Fed. Bureau of Prisons*, 355 F.3d 1204, 1212 (10th Cir. 2003), *abrogated in part on other grounds*, *Jones v. Bock*, 549 U.S. 199 (2007).

According to the DOC Offender Grievance Process, OP-090124, an inmate first must attempt to resolve his complaint informally by communicating with staff within three days of the incident. If that is unsuccessful, he may submit a Request to Staff (RTS) within seven calendar days of the incident, alleging only one issue per form. If the offender does not receive a response to his RTS within 30 calendar days of submission, he may submit a grievance to the Review Authority (warden's office), asserting only the issue of the lack of response to the RTS. If the complaint is not resolved after the response to the RTS, the offender then may file a grievance. If the grievance also does not resolve the issue, the inmate may appeal to the Administrative Review Authority or the Chief Medical Officer. The administrative process is exhausted only after all of these steps have been taken. (Dkt. 46-2 at 7-18).

On November 1, 2017, December 18, 2017, and December 20, 2017, Plaintiff submitted RTSs complaining about his ability to communicate with his attorney and the alleged prejudice against him by staff. (Dkt. 46-3 at 32-36). There is, however, no indication that he filed related grievances or appeals. While the responses to the RTSs all

indicate these issues were addressed, and he had several communications with his attorney, the issues remain unexhausted.

The Court, therefore, finds Plaintiff failed to properly exhaust the administrative remedies for his claims that he was denied telephone access to his counsel. To the extent Plaintiff's complaint could be construed as alleging other constitutional violations, the Court further finds those claims also are unexhausted. Therefore, the DOC defendants' motion to dismiss for failure to exhaust administrative remedies (Dkt. 47) is granted for failure to exhaust administrative remedies pursuant to 42 U.S.C. § 1997e(a).

*Injunctive Relief*

Plaintiff has requested injunctive relief in the form of an order requiring the defendants to provide him phone access to his habeas counsel "equal to every other death row prisoner." (Dkt. 1 at 8). The DOC defendants allege Plaintiff has failed to demonstrate entitlement to such relief. (Dkt. 47 at 26).

To grant a permanent injunction, the Court must find the movant has demonstrated: "(1) actual success on the merits; (2) irreparable harm unless the injunction is issued; (3) the threatened injury outweighs the harm that the injunction may cause the opposing parties; and (4) the injunction, if issued, will not adversely affect the public interest." *Fisher v. Oklahoma Health Care Auth.*, 335 F.3d 1175, 1180 (10th Cir. 2003). A permanent injunction is an extraordinary remedy, thus, the right to relief must be clear and unequivocal. *Schell v. OXY USA, Inc.*, 822 F. Supp. 2d 1125, 1141-42 (D. Kan. 2011) (citing *Schrier v. Univ. of Colo.*, 427 F.3d 1253, 1258 (10th Cir. 2005)).

Here, the Court finds Plaintiff is not entitled to injunctive relief, because he has failed to make the required showing set forth above.

**ACCORDINGLY,** Defendant GTL's motion to dismiss (Dkt. 51) is GRANTED, Defendants Oklahoma Department of Corrections, Oklahoma State Penitentiary, Jerry Perry, Terry Royal, and Miss Schlueter's motion to dismiss is GRANTED (Dkt. 47), and this action is DISMISSED in its entirety. All remaining pending motions are DENIED AS MOOT. This dismissal shall count as a "PRIOR OCCASION" or "STRIKE," pursuant to 28 U.S.C. § 1915(g).

**IT IS SO ORDERED** this 29th day of March, 2019.

_____
James H. Payne
United States District Judge
Eastern District of Oklahoma